# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

VALERIE KLINE,

          Plaintiff,

          v.

JOHN BERRY,
Director, Office of Personnel Management,

          Defendant.

Civil Action No. 10-1802 (RWR) (AK)

## <u>MEMORANDUM OPINION</u>

On May 11, 2012, the undersigned held a hearing on Plaintiff's Motion to Compel

Responses to Interrogatories and Production of Documents [22], Plaintiff's Motion to Compel

Responses to Requests for Admission [29] and Defendant's Motion for Leave to File Under Seal

Exhibit 5 of Defendant's Opposition to Plaintiff's Motion to Compel Responses to Requests for

Admissions [33].  At the hearing, Plaintiff withdrew her objection to Defendant's Motion for

Leave to File Under Seal, stating that she does not object to Exhibit 5 of Defendant's Opposition

to Plaintiff's Motion to Compel [32] being filed under seal.  Therefore, Defendant's Motion for

Leave to File Under Seal will be granted.  Plaintiff's two Motions to Compel will be granted-in-

part and denied-in-part.

## I.  BACKGROUND

This case is an employment discrimination action based on Plaintiff Valerie Kline's ("Plaintiff" or "Ms. Kline") employment at the Office of Personnel Management ("OPM") as a Management Analyst in the Publications Management Group.  (Amended Compl. [3] at ¶ 1.) Plaintiff was hired into that role in 2002.  (*Id.* at ¶ 13.)  On March 29, 2006, Plaintiff's superiors received an e-mail raising concerns that, among other allegations, Ms. Kline was using her work computer inappropriately and was attempting to procure weapons and ammunition from someone she knew online.  (Decl. of Inspector General Patrick E. McFarland [37-1] at ¶ 4; Pl.'s Opp. to Mot. For Protective Order [44] at 6.)  Plaintiff was placed on paid administrative leave on April 5, 2006 pending an Office of the Investigator General ("OIG") investigation.  (*Id.* at ¶ 5.) Plaintiff returned to work on June 20, 2006.  (Amended Compl. at ¶ 45.)

Plaintiff's Amended Complaint includes five counts.  First, Plaintiff alleges that she was discriminated against on the basis of race and sex when she was placed on administrative leave. (*Id.* at ¶ 62.)  Second, Plaintiff alleges that she was placed on administrative leave in retaliation for filing EEO complaints against her superiors that were pending as of April 2006.  (*Id.* at ¶ 64.) Third, Plaintiff alleges that, upon returning from administrative leave, her duties were diminished, moving from regulatory work and graphics projects to routine, administrative and clerical duties.  (*Id.* at ¶ 66.)  Fourth, Plaintiff alleges that she was discriminated against on the basis of sex when her regulatory duties were given to a male employee.  (*Id.* at ¶ 68.)  Fifth, Plaintiff alleges that she was retaliated against when, upon returning from administrative leave, she did not have the same equipment and software that she had prior to being placed on administrative leave.  (*Id.* at ¶ 70.)

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure, 26(b) authorizes discovery "regarding any non-privileged matter that is relevant to any party's claim or defense . . . ."  *E.g. Food Lion, Inc. v. United Food and Commercial Workers Int'l. Union,* 103 F.3d 1007, 1012 (D.C. Cir. 1997) (relevance for purposes of discovery is broadly construed).   Once a relevancy objection has been raised, the party seeking discovery must demonstrate that the information sought to be compelled is discoverable.  *Meijer, Inc. v. Warner Chilcott Holdings Co., III, Ltd.,* 245 F.R.D. 26, 30 (D.D.C. 2007); *see Alexander v. Federal Bureau of Investigation*, 194 F.R.D. 316, 325 (D.D.C. 2000).

Pursuant to Fed. R. Civ. P. 26(b)(2)(C), the court may limit discovery on motion or on its own initiative, if it determines that the "burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issue at stake in the litigation, and the importance of the proposed discovery in resolving those issues."  *Tooley v. Napolitano,* 556 F.3d 836, 841 (D.C. Cir. 2009) (under Rule 26(b)(2), plaintiffs are "not entitled to unlimited discovery.") (citation omitted); *Smith v. Cafe Asia*, 246 F.R.D. 19, 21-22 (D.D.C. 2007) (the trial court balances competing concerns when determining discovery matters).

Federal Rule of Civil Procedure 33(a)(2) allows interrogatories to "relate to any matter that may be inquired into under Rule 26(b)."  Rule 33(b)(3) provides that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). The party moving to compel discovery has the burden of proving that the opposing party's answers were incomplete.  *Guantanamera Cigar Co. v. Corporation*

*Habanos, S.A.*, 263 F.R.D. 1, 7 (D.D.C 2009) (citing *Equal Rights Ctr. v. Post Props., Inc.*, 246 F.R.D. 29, 32 (D.D.C. 2007)).

A request for documents under Federal Rules of Civil Procedure 34 must "describe with reasonable particularity each item or category of items to be inspected." Fed. R. Civ. P. 34(b)(1)(A). Requests must also be within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). "[I]n drafting document requests, it is the party seeking discovery [who] bears the burden of fashioning the requests appropriately." *Washington v. Thurgood Marshall Acad.*, 232 F.R.D. 6, 10 (D.D.C. 2005). Likewise, a party objecting to a document request must specifically show how the request is burdensome, overly broad, vague, or outside the scope of discovery. *Chubb Integrated Sys. Ltd. v. Nat'l Bank of Washington,* 103 F.R.D. 52, 59-60 (D.D.C. 1984).

Federal Rules of Civil Procedure 36 addresses requests for admission. Requests for admission must be within the scope of discovery outlined in Rule 26(b)(1). Fed. R. Civ. P. 36(a)(1). Where the request is proper and the responding party does not admit the matter, the responding party must "specifically deny," or "state in detail the reasons why the answering party cannot truthfully admit or deny [the matter]." Fed. R. Civ. P. 36(a)(4). The party propounding the requests "may move to determine the sufficiency of an answer or objection." Fed. R. Civ. P. 36(a)(6). The court can then consider the sufficiency of the respondent's response to requests for admissions. *Id.* "On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served . . . ." *Id.*

## III.  DISCUSSION

### A.  Interrogatories

Regarding Ms. Kline's interrogatories, Ms. Kline withdrew her objection to Defendant's response

to Interrogatories 12, 14, 15, 16 and 17.  Still at issue are Interrogatories 2, 3, 4, 5, 6, 8, and 13.

Interrogatory 2 requests information about Jacquline Carter notifying her superiors of her intention to retire in November 2006.  Defendant indicated at the hearing that it would provide Plaintiff with the date that Ms. Carter notified her superiors that she intended to retire.  The manner, place and exact time that Ms. Carter did so is not relevant to the case at hand.

Interrogatory 3 seeks OPM's procedures and requirements for filling vacancies within OPM.  At the hearing, Defendant stated that it issued to Plaintiff links to web sites that describe procedures and requirements government agencies use to fill vacancies.  Defendant stated that although these web sites have no information specific to OPM, OPM's procedures conform to those described on the web sites.  Based on Defendant's proffer, it has complied with Interrogatory 3 and does not need to provide any further information.  If OPM has procedures or requirements unique to its agency that are not detailed on the web sites, Defendant must provide that information to Plaintiff.

Interrogatory 4 seeks information regarding the filling of the position for which Stephen Hickman was ultimately hired.  The date that the vacancy was posted is relevant and must be provided to Plaintiff.  The manner, place and time that the request to fill the position was initiated is not relevant to Plaintiff's claims.  Part (b) of Interrogatory 4 looks for information as to why the vacancy announcement did not include certain explanations about the open position,

which is not relevant to Plaintiff's claims.

Interrogatory 5 asks for a description of the circumstances under which a position to be vacated by a retiring federal employee would be advertised and filled when the employee has not yet retired as well as when the employee has already retired.  It is not possible for Defendant to describe all the circumstances that could potentially answer Plaintiff's interrogatory.  While the procedures may be standardized, the circumstances vary from employee to employee. Furthermore, the interrogatory's use of "would be" asks Defendant to contemplate circumstances that have not yet occurred.  The interrogatory is overly broad and not specific enough to be answered.

Interrogatory 6 is not relevant to Plaintiff's claims.  The reason Mr. Hickman was hired prior to Ms. Carter's retirement is not relevant to Plaintiff's diminution of duties because, as Judge Robertson has previously ruled, Ms. Carter and Ms. Ms. Kline had different duties and were not similarly situated.  *Kline v. Springer*, 602 F. Supp. 2d 234 (D.D.C. 2009).  Plaintiff did not apply for Ms. Carter's position and a discussion regarding when Ms. Carter or Mr. Hickman handled the duties associated with the managerial role is not relevant to Plaintiff's claims.

Interrogatory 8 asks for information describing the alleged personal use of a government issued credit card by a PMG employee named Sheila Coates and the reasons why no disciplinary action was taken against Ms. Coates.  Plaintiff claims that Ms. Coates was not placed on administrative leave and no OIG investigation was initiated against Ms. Coates, despite her alleged inappropriate behavior.  Plaintiff argues that she was treated differently than Ms. Coates in a similar situation, which would support her claim for retaliation.

Plaintiff does not show that her situation was similar to that of Ms. Coates' other than

both situations involved allegations of improper conduct. The alleged improper conduct is distinguishable: Ms. Kline's alleged conduct involved violent weapons, while Ms. Coates' alleged conduct was financial in nature. Furthermore, Ms. Kline stated that Ms. Coates' conduct apparently took place in 2000, over five years before Ms. Kline was placed on administrative leave. Thus, Plaintiff's Motion to Compel Defendant to respond to this interrogatory is denied based on a lack of relevancy.

Interrogatory 13 asks for an explanation for why Mr. Hickman was given management responsibilities in the Regulatory Issuances Program rather than Ms. Kline, who had more seniority than Mr. Hickman. Plaintiff's Motion to compel a response to this interrogatory is denied because, as Plaintiff stated at the hearing, she never applied for the managing job. In addition, none of Ms. Kline's claims assert that she was discriminated against in not getting the managerial job; rather, her claims are based on a diminution of duties in her *current* job and being placed on administrative leave. Therefore, the reasons for Mr. Hickman being given the managerial job are not relevant and the interrogatory will not recover relevant information.

**B. Requests for Production of Documents**

Ms. Kline objects to the Government's response regarding the first set of requests for production of documents, 1, 2, 3, 4 and 5 and the second set, Request 1. (Pl.'s Mot. to Compel Responses to Interrogatories and Requests for Production of Documents ("Pl.'s First Mot. to Compel") at 4-7.)

In the first set of requests, Request 1 seeks documents relating to the claim that Mr. Coco was made a team leader in 2006. Defendant states that Plaintiff already has the information.

Assuming that to be true, if Plaintiff would like a second copy of the information, she can request

Defendant to print a second copy and send it to Plaintiff, at Plaintiff's cost.

Request 3 seeks documents containing similar information to Interrogatory 3.  Defendant

stated that it has given Plaintiff all responsive documents, and based on that proffer, Defendant

has fulfilled its responsibility.

Request 4 seeks documents containing similar information to Interrogatory 2, regarding

Ms. Carter's notification of her retirement.  This information is not relevant to Plaintiff's claims.

Request 5 asks for documentation related to the placement of Ms. Kline on administrative

leave.  The documentation is relevant to Plaintiff's claims of discrimination in being placed on

leave and any responsive documents must be produced.

In the second set of requests for production of documents, request 1 is at issue.  Plaintiff

stated at the hearing that she is looking for letters of authorization to determine when and how

William Davis, Plaintiff's supervisor, found out that Ms. Kline was engaged in protected activity.

Defendant stated that it had already provided Plaintiff with that information during the EEOC

administrative process.  (Pl.'s First Mot. to Compel at 4.)  Again, Plaintiff may request another

copy of the information to be printed at her expense.

### C.  Requests for Admissions

Ms. Kline served three sets of requests for admissions.  In the first set, Ms. Kline objects

to Defendant's responses to Requests 13, 31, and 32. She makes no objections to Defendant's

responses to the second set.  In the third set, Ms. Kline withdrew Request 24 at the hearing, and

continues to object to the responses to Requests 6, 8, 10, 11, 12, 13, 14, 15, 22, 23, 26, 35, 36,

37, 39, 40, 84, 85, 86, 87, 88, 89, 90 and 91.  (Pl.'s Mot. to Compel Def.'s Response to Request

for Admissions ("Pl.'s Second Mot. to Compel".)

In the first set of requests for admissions, Request 13 is at issue.  Plaintiff asks Defendant to admit that Plaintiff communicated with individuals from various offices when reviewing regulatory documents as part of her job duties.  This is an inappropriate request for admission. Plaintiff can elicit testimony at trial from witnesses with knowledge of the individuals that Plaintiff works within her job and allow the jury to hear such testimony.  Furthermore, Ms. Kline, not Defendant, has the best knowledge of the individuals she communicates with when reviewing regulatory documents.  *See Kendrick v. Sullivan*, No. 83-3175, 1992 WL 119125, *3 (D.D.C. May 15, 1992) (responding party's response that it could not admit or deny request for admission was sufficient because relevant information was under control of requesting party or adverse third-parties).

Request 31 states: "Valerie Kline was qualified to fill Jacquline Carter's position upon Jacquline Carter's retirement."  As previously noted, Ms. Kline did not apply for Ms. Carter's position; therefore, whether Ms. Kline was qualified for the position is irrelevant.

Request 32 is not appropriate as a request for admission because Plaintiff asks Defendant to admit to the contents of a conversation between Ms. Kline and Claudio Benedi.  Ms. Kline plans to depose Mr. Benedi, and she can ask Mr. Benedi at the deposition about what he told Ms. Kline during her job interview.  The contents of the conversation are best presented as testimony at trial, rather than a stipulation admitted by Defendant.

In the third set of requests for admissions, Request 6 is at issue, which states: "Admit Kline applied for and was hired under Vacancy Announcement #02-171-CJR."  Plaintiff stated at the hearing that she is looking for the specific announcement itself, and that she previously gave

Defendant a copy of that announcement.  Assuming that Defendant still has the copy of the announcement, they need to provide it to Plaintiff.

Requests 8, 10, 11, 12, 13, 14 and 15 ask Defendant to admit that different tasks are "clerical duties."  Plaintiff's motion to compel a response to these requests is denied.  "Clerical duty" is a generic statement and Plaintiff does not provide a definition of the term.  The jury will bring its own views on what constitutes a clerical duty and, if Plaintiff performed such duties in the scope of her employment, the jury can decide whether the duties are clerical tasks.

Request 22 asks Defendant to admit to how a software program was initially developed. Defendant states that the information is outside of Defendant's scope of knowledge and it cannot admit or deny the request.  Defendant's response to Request 22 was sufficient.  *See Disability Rights Council v. Wash. Metro Area*, 234 F.R.D. 1 (D.D.C. 2006) (plaintiffs did not need to respond to request for admission because they did not have any specialized knowledge that the defendant or the court did not have).

Request 23 is not an appropriate request for admission because the purpose of getting the statement admitted is to impeach previous information provided by Claudio Benedi.  *See Burns v. Phillips*, 50 F.R.D. 187, 188 (N.D. Ga. 1970) (requests for admissions seeking information solely to impeach are not relevant to the issues in the case).  Request 23 is denied.

Request 26 states: "[a]dmit Claudio Benedi is or was an avid hunter and possesses weapons for the purpose of hunting."  Mr. Benedi's hobbies are not relevant to Plaintiff's claims and this request is denied.

Requests 35, 36, and 37 relate to the production of a package of documents from OPM's regulatory office for publication that included a federal rule that had not been cleared by OMB.

-10-

Ms. Kline argued at the hearing that she was given a poor performance review based on her alleged involvement in the preparation of the package and that Defendant will attempt to show at trial that her duties were diminished because of her poor review rather than for retaliation, as she alleges. Based on Plaintiff's argument, these requests are relevant to Plaintiff's claims and Defendant needs to admit or deny the requests to the best of its ability. Requests 35 and 37 refer to documents that were filed, so Defendant should be able to determine whether the documents were submitted and whether the rule was pre-cleared by OMB. Request 36 refers to job tasks assigned to Plaintiff, information that may be more difficult to confirm, but must be admitted or denied to the best of Defendant's ability.

Request 39 inquires about conversations between Mr. Benedi and Richard Lowe that discussed Plaintiff. Plaintiff stated at the hearing that she would ask Mr. Benedi about these conversations at his deposition. Plaintiff's motion is denied for this request.

Request 40 asks Defendant to admit that Mr. Davis, Plaintiff's supervisor, did not respond to a June 21, 2006 memo that Plaintiff wrote to Mr. Davis. Plaintiff stated at the hearing that the memo was written the day after Plaintiff returned from administrative leave in response to a meeting with Mr. Davis outlining changes in her duties. This request is relevant and Defendant must admit or deny the request to the best of its ability.

Requests 84, 85, 86, 87, 88, 89, 90 and 91 relate to the alleged personal use of a government issued credit card by Sheila Coates. These requests are denied for the same reasons as outlined in the discussion of Interrogatory 8. Plaintiff may depose Mr. Benedi as to the topics of Requests 86 and 87. The undersigned makes no determination and leaves to the trial judge whether any information obtained from Mr. Benedi is relevant or admissible at trial.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Compel Responses to Interrogatories and Production of Documents [22] will be granted as to Interrogatory 2 and 4, and Request for Production of Documents, First Set, Requests 1 and 5 and Second Set, Request 1.  Plaintiff's Motion is denied as to Interrogatories 3, 5, 6, 8, and 13 and Request for Production of Documents 2, 3, and 4.

Plaintiff's Motion to Compel Responses to Requests for Admission [29] will be granted as to the Third Set of Request for Admissions 6, 35, 36, 37 and 40 and denied as to the First Set of Request for Admissions 13, 31 and 32 and the Third Set 8, 10, 11, 12, 13, 14, 15, 22, 23, 26, 39, 84, 85, 86, 87, 88, 89, 90 and 91.

A separate order will accompany this Memorandum Opinion.

DATE: June 1, 2012                                   _____/s/_____

                                                     ALAN KAY
                                                     UNITED STATES MAGISTRATE JUDGE