UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VALERIE KLINE,<br><br>    Plaintiff,<br><br>    v.<br><br>JOHN BERRY,<br>Director, Office of Personnel Management,<br><br>    Defendant. | Civil Action No. 10-1802 (RWR) (AK) |

**MEMORANDUM OPINION**

This Court has addressed a number of discovery related motions in this case.  (*See* Memo. Op., June 1, 2012 [49]; Memo. Op., June 25 , 2012 [55].)  This Memorandum Opinion addresses two motions to compel filed by Defendant: (1) Motion to Compel Discovery Responses [39] ("First Motion to Compel") and (2) Motion to Compel Plaintiff's Response to Second Request for Production of Documents and to Deem Requests for Admissions Admitted [47] ("Second Motion to Compel").  Plaintiff filed Oppositions to both Motions [45] and [52].  For the following reasons, Defendant's First Motion to Compel will be granted-in-part and denied-in-part and Defendant's Second Motion to Compel will be granted-in-part and denied-in-part.

**I.  BACKGROUND**

The factual background associated with this case is laid out in the undersigned's previous Memorandum Opinion, dated June 25, 2012.  (Memo. Op., June 25, 2012.)  Plaintiff's Amended Complaint includes five counts stemming from being placed on administrative leave in April

2006.  First, Plaintiff alleges that she was discriminated against on the basis of race and sex when she was placed on administrative leave.  (Am. Compl. at ¶ 62.)  Second, Plaintiff alleges that she was placed on administrative leave in retaliation for filing EEO complaints against her superiors that were pending as of April 2006.  (*Id.* at ¶ 64.)  Third, Plaintiff alleges that, upon returning from administrative leave, her duties were diminished, moving from regulatory work and graphics projects to routine, administrative and clerical duties.  (*Id.* at ¶ 66.)  Fourth, Plaintiff alleges that she was discriminated against on the basis of sex when her regulatory duties were given to a male employee.  (*Id.* at ¶ 68.)  Fifth, Plaintiff alleges that she was retaliated against when, upon returning from administrative leave, she did not have the same equipment and software that she had prior to being placed on administrative leave.  (*Id.* at ¶ 70.)

The parties engaged in discovery, which closed on May 10, 2012, with the exception of outstanding issues regarding depositions.  (*See* Mem. Op., June 25, 2012.)  Defendant served Plaintiff with Interrogatories, Requests for Document Production and Requests for Admission on March 1, 2012.  (Def.'s Second Mot. to Compel at 2.)  Plaintiff's responses are the topic of Defendant's First Motion to Compel.  Defendant served a second set of Requests for Admissions and a Second Set of Requests for the Production of Documents on April 10, 2012.  (*Id.*)  Plaintiff's response to those requests resulted in Defendant's Second Motion to Compel.

## II.  LEGAL STANDARD

Federal Rules of Civil Procedure 33 provides that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath."  Fed. R. Civ. P. (b)(3).  An "evasive or incomplete" answer is treated as a failure to answer when determining whether the discovering party is permitted to file a motion to compel.  Fed. R. Civ. P. 37(a)(4).

The party moving to compel discovery has the burden of proving that the opposing party's answers were incomplete. *Guantanamera Cigar Co. v. Corporation Habanos, S.A.*, 263 F.R.D. 1, 7 (D.D.C. 2009) (citing *Equal Rights Ctr. v. Post Props., Inc.*, 246 F.R.D. 29, 32 (D.D.C. 2007)).

A request for documents under Federal Rules of Civil Procedure 34 must "describe with reasonable particularity each item or category of items to be inspected." Fed. R. Civ. P. 34(b)(1)(A). "[I]n drafting document requests, it is the party seeking discovery [who] bears the burden of fashioning the requests appropriately." *Washington v. Thurgood Marshall Acad.*, 232 F.R.D. 6, 10 (D.D.C. 2005). Likewise, a party objecting to a document request must specifically show how the request is burdensome, overly broad, vague, or outside the scope of discovery. *Chubb Integrated Sys. Ltd. v. Nat'l Bank of Washington,* 103 F.R.D. 52, 59-60 (D.D.C. 1984).

### III.  DISCUSSION

#### A.  Defendant's First Motion to Compel

##### 1.  Time frame

As a threshold matter, Plaintiff objects to the time period Defendant requests for its interrogatories. (Pl.'s Opp. to Def.'s First Mot. to Compel ("Pl.'s First Opp.") at 4.) Defendant seeks information from January 1, 2005 through December 31, 2006, while Plaintiff seeks to narrow the time frame to April 2006 through October 2006. (*Id.* at 4-5.) Plaintiff argues that Defendant's two-year time frame has no "logical basis" but then notes that Plaintiff's own interrogatories requested a time frame stretching back to 2002. (*Id.* at 5.) Furthermore, Plaintiff alleges a diminution of duties claim which makes relevant Plaintiff's duties prior to and after her

placement on administrative leave from April to August 2006. Accordingly, Defendant's time frame is reasonable.

### 2. Interrogatories

Defendant's First Motion to Compel requests that Plaintiff be compelled to respond to 14 interrogatories, numbers 6, 7, 9, 11, 13, 14, 16, 18, 19 and 21-25 (Def.'s First Mot. to Compel at 12.) Plaintiff has already submitted responses to Interrogatories 1 and 2. (*Id.* at 5-11.) Originally, Defendant submitted 25 interrogatories to Plaintiff, the limit under Judge Roberts' Scheduling Order. (Scheduling Order [14] at 1.) Federal Rules of Civil Procedure 33 states that unless stipulated or ordered otherwise, "a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Fed. R. Civ. P. 33(a)(1).

The Advisory Committee Notes to the 1993 Amendment give further guidance into what qualifies as a "discrete subpart" of an interrogatory:

> Parties cannot evade this presumptive limitation [of 25 interrogatories] through the device of joining as "subparts" questions that seek information about discrete separate subjects. However, a question asking about communications of a particular type should be treated as a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately for each such communication.

When a subpart introduces a "separate and distinct" line of inquiry from the one that precedes it, it should be counted as a new interrogatory. *In re ULLICO Inc. Litigation*, No. Civ.A. 03-01556, 2006 WL 2398744 at *2 (D.D.C. June 30, 2006) (Kay., J.); *Willingham v. Ashcroft*, 226 F.R.D. 57, 59 (D.D.C. 2005); *see also Kendall v. GES Exposition Services, Inc.*, 174 F.R.D. 684, 685 (D. Nev. 1997) (asking whether subsequent questions within an interrogatory are "logically or factually subsumed" within the primary question and whether the subsequent questions can stand independently of the first question).

Defendant's Interrogatory 1 reads:

Describe in detail all acts, events, and circumstances by which Defendant allegedly discriminated and retaliated against you based upon your engagement in protected activity and state the basis for your claim of retaliation.

Interrogatory 2 is similar, but inquires about "acts, events and circumstances" related to Plaintiff's claim of gender discrimination. (*Id*. at 9.)

Plaintiff's response to Interrogatory 1 argues that the interrogatory contains 18 "discrete subparts based on Plaintiff's five (5) claims" and thus should be applied as 18 interrogatories to the 25 interrogatory limit. (Pl.'s First Opp. at 8.) Similarly, Plaintiff argues that interrogatory 2 contains nine discrete subparts, thus exceeding the 25 interrogatory limit and precluding Plaintiff from answering interrogatories 3-25.[1] (Pl.'s First Opp. at 11-12.) Plaintiff asserts, for example, that "acts" relating to her administrative leave is a separate subpart from "events" or "circumstances" related to her administrative leave. (*Id.* at 8-9.) In addition, Plaintiff asserts that "acts" pertaining to the race discrimination claim in being placed on administrative leave is a separate subpart from "acts" pertaining to her sex discrimination claim in being placed on administrative leave. (*Id.* at 8.)

The undersigned finds that interrogatory 1 contains two separate subparts, "acts, events and circumstances" relating to Plaintiff's discrimination claims and "acts, events and circumstances" relating to Plaintiff's retaliation claims. Acts, events and circumstances are all

---

[1]Plaintiff notes that Defendant construed Plaintiff's interrogatories as having multiple separate subparts such that Defendant considered Plaintiff's interrogatory 15 as reaching the limit of 25 interrogatories. Plaintiff filed a motion to compel Defendant to respond to her interrogatories (*see* docket entry 22 and associated exhibits) but did not object to Defendant's use of this tactic. Furthermore, Plaintiff's argument that her actions are justified because Defendant did the same thing is not persuasive.

communications of a particular type as contemplated in the notes to Rule 33. (*See* Fed. R. Civ. P. 33, advisory committee notes (1993)). Plaintiff notes a number of times, places, etc. in which she was discriminated against, all of which fall under the same discrete subpart of the interrogatory. Furthermore, Plaintiff's response to interrogatory 1 does not distinguish between instances of race discrimination and sex discrimination, but instead cites to "discrimination" generally. (*Id.* at 12-14.) Similarly, Plaintiff cites to retaliation generally, which subsumes her claims of diminished duties and failure to restore equipment. (*Id.* at 14-18.)

Plaintiff's response to interrogatory 1 does, however, distinguish between discrimination and retaliation. (Def.'s First Mot. to Compl, Ex. 3 [39-1] at 12-18.) Discrimination and retaliation are two different types of claims and for the most part, the acts, events and circumstances supporting Plaintiff's discrimination claim do not overlap with those supporting her retaliation claim. (*Id.*) Similarly, Interrogatory 2 can also be broken into two discrete separate subparts because it asks about "acts, events and circumstances" related to both discrimination and retaliation claims under gender discrimination. (Pl.'s First Opp. at 11.)

In Defendant's First Motion to Compel, Defendant seeks a response to 14 interrogatories: Numbers 6, 7, 9, 11, 13, 14, 16, 18, 19 and 21-25. (Def.'s First Mot. to Compel at 12.) With interrogatories 1 and 2 each having two subparts, the total number of interrogatories is 18 and does not exceed the 25 interrogatory limit. Plaintiff must respond to interrogatories 6, 7, 9, 11, 13, 14, 16, 18, 19 and 21-25.

### 3. Requests For Production of Documents

Defendant moves to compel responses to 13 document requests: numbers 4-12, 14-15 and 18-19. (Def.'s First Mot. to Compel at 15-23.) Many of Plaintiff's responses to Defendant's

document requests state that responsive documents are contained in Reports of Investigation ("ROIs") 2006024 and 2006034, which were litigated before the EEOC, and which Defendant can access. (Def.'s First Mot. to Compel at 17.) Plaintiff's reliance on the ROIs in their entirety is not sufficient. Where Plaintiff relies on documents within the ROIs to respond to Defendant's requests, she must identify the documents with enough specificity for Defendant to easily locate them within the ROIs.

Plaintiff's opposition makes a number of additional objections to Defendant's document requests. The undersigned addresses these objections numerically.

<u>Document Request 4</u>: Plaintiff argues that her Amended Complaint did not seek compensatory damages, back pay, liquidated damages, payment for loss of income, medical bills and/or lost wages. (Pl.'s Opp. at 13.) The Amended Complaint, however, asks for "the maximum amount of damages allowed by statute," without specifying any statute. (Am. Compl. [3] at 10.) Under Title VII, Plaintiff can recover compensatory damages, including injuries and medical bills, but not punitive damages against the federal government. 42 U.S.C. § 1981a; *Burlington Northern and Santa Fe R.R. Co. v. White*, 548 U.S. 53, 72 (2006) ("Congress amended Title VII in 1991 to permit victims of intentional discrimination to recover compensatory (as White received here) and punitive damages, concluding the additional remedies were necessary to 'help make victims whole.'"); *Marcus v. Geithner*, 813 F. Supp. 2d 11, 13 (D.D.C. 2011) (granting motion to dismiss plaintiff's request for punitive damages because "Title VII does not allow recovery of punitive damages against the federal government"). Plaintiff is eligible for equitable relief, including back pay, which would encompass loss of income and lost wages. *See Kapache v. Holder*, 677 F.3d 454, 464 (D.C. Cir.

2012).  Plaintiff must comply with Document Request 4, with the exception of documents relating to liquidated and punitive damages.

Document Request 5: As stated above, Plaintiff must specifically identify responsive documents within the ROIs rather than rely upon the ROIs generally.  Plaintiff objects to this document on the grounds that it asks Plaintiff to identify documents that can support a factual statement Plaintiff makes in support of her allegations.  Rule 26(a)(1)(A)(ii) requires a party to provide to other parties copies "of all documents . . . that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses . . . ."  Fed. R. Civ. P. 26(a)(1)(A)(ii).  These documents are not covered by attorney-client privilege or work product, as Plaintiff contends, because they are not documents prepared by an attorney or in anticipation of trial, but rather, documents containing information used to support a factual claim.  Plaintiff must comply with Defendant's request.

Document Request 6 and 7: In response to Request 6, Plaintiff argues that she has never claimed that she performed Visual Information Systems duties for the PMG from January 2005 until April 2006.  Plaintiff makes the same argument for the information requested in Request 7.  If Plaintiff does not plan to rely on these factual arguments at trial, the requested documents are not relevant and need not be produced.  If Plaintiff does plan to use these facts at trial to support her allegations, she must produce documents in support of these facts during discovery.  *See* Fed. R. Civ. P. 26(a)(1)(A)(ii).

Document Request 8: Plaintiff alleges that she was being retaliated against when she was not hired to replace Jacquline Carter in a managing position.  (*See* Pl.'s Mot. to Compel Responses to Interrogatories and Requests for Production of Documents [22] at 3, n.3.)  As

support, Plaintiff argues that she was the only employee at OPM qualified to fill Ms. Carter's role at the time Ms. Carter made known her intention to retire. (*Id.*) Accordingly, Plaintiff has put her professional qualifications at issue. Document Request 8 is not "overly broad and subjective" as Plaintiff suggests; rather, it asks for factual documents that support Plaintiff's argument regarding her qualifications and Plaintiff must comply with the request.

Document Request 9: Plaintiff states that she has already produced documents relevant to this request and is still engaging in discovery on this issue. Accordingly, this request has been answered pending any uncovering of further relevant documents.

Document Request 10: As noted above, Plaintiff must disclose factual documents that support her allegations and must identify those documents within the ROIs with specificity.

Document Request 11: This request is not described with the reasonable particularity required by Federal Rules of Civil Procedure 34 and Plaintiff does not need to respond to this request.

Document Request 12: Plaintiff is not required, in a civil case, to provide Defendant with documents that undermine her claims and Plaintiff does not need to respond to this request.

Document Request 14: This request is overly broad and burdensome because it includes statements of any individual who provided an affidavit in one of three ROIs. It does not specify a certain individual or topic matter and would require Plaintiff to review every statement in the ROIs to locate all responsive documents.

Document Request 15: Plaintiff states that she produced the relevant documents to Defendant on April 16, 2012. (*See* Def.'s First Mot. to Compel, Ex. 1 at 43.) Accordingly, the document request has been answered.

Document Request 18: In this request, Defendant asks Plaintiff to produce copies of all documents that support her claim for damages. This request is duplicative of Request 4, where the Court will require Plaintiff to produce documents used to support her claim for damages. Accordingly Request 18 will be denied.

Document Request 19:

Document Request 19 seeks signed authorization forms allowing Defendant to access Plaintiff's medical records.[2] The parties disagree about whether Plaintiff has put her medical condition at issue in this case. (Def.'s First Mot. to Compel at 25; Pl.'s First Opp. at 22.) Plaintiff's Amended Complaint notes that Plaintiff suffered "a great deal of embarrassment, humiliation, anxiety and stress from being placed on Administrative Leave . . . ." (Am. Compl. at 8.) If Plaintiff contemplates presenting the testimony of a medical expert or treating physician to show the embarrassment and other emotional anguish that she suffered, then her medical condition is at issue and she must allow Defendant access to her medical records. Similarly, if Plaintiff intends to argue that the emotional anguish caused her medical issues and thus, damages, her medical records are at issue. If Plaintiff intends to testify that she was upset by her

---

[2]Plaintiff, in her Opposition to Defendant's Motion to Compel, states that "Defendant mischaracterizes Plaintiff's request for damages as a request for 'compensatory damages.' As discussed *supra*, the maximum amount available under Title VII is a punitive or exemplary amount, not a compensatory amount of damages." (Pl.'s Opp. at 21.)

Plaintiff's legal analysis is incorrect. Plaintiff cannot receive punitive damages in this suit because the Defendant is the federal government, through a government agency. 42 U.S.C. § 1981a(b)(1) (allowing punitive damages against a defendant "other than a government, government agency or political subdivision; *Marcus v. Geithner*, 813 F. Supp. 2d 11, 13 (D.D.C. 2011). Compensatory damages are available to Plaintiff, though the maximum amount is limited by statute. *See* 42 U.S.C. § 1981a(b)(3).

placement on administrative leave without introducing any medical issues to the jury, then she does not need to produce any documents in response to Document Request 19.

Accordingly, Plaintiff must respond Document Requests 4, 5, 8 and 10. Plaintiff is not required to respond to requests 9, 11, 12, 14, 15 and 18. Plaintiff must respond to requests 6, 7 and 19 if she intends to present at trial evidence of facts relevant to the specific requested documents.

### B. Defendant's Second Motion to Compel

#### 1. Timeliness of Defendant's Request

Defendant's Second Motion to Compel relates to Defendant's second request for production of documents and requests for admission. Defendant served Plaintiff with the request, via e-mail, at 11:53 pm on April 10, 2012. (Pl.'s Second Opp. [52] at 7.) Discovery closed in this case on May 10, 2012. (Judge Richard W. Roberts Minute Order, April 9, 2012.) Both Federal Rules of Civil Procedure 34, governing requests for production of documents, and Rule 36, governing requests for admission, allow the party served, 30 days to respond to a discovery request. Fed. R. Civ. P. 34(b)(2)(A), 36(a)(3).

Plaintiff argues that she does not need to respond to Defendant's requests because the time she had to respond extended past the close of discovery on May 10, 2012. (Pl.'s Second Opp. at 4.) Plaintiff cites two separate bases in support of her argument: (1) Defendant's service on April 10, 2012 was in effect made on April 11, 2012 because the requests were served after the close of business for first class mail; and (2) Rule 6(d) gives Plaintiff three additional days to respond beyond the normal 30 days, extending her time to respond beyond the close of discovery. (*Id.* at 5-6.) Defendant argues that Plaintiff's responses were due on May 10, 2012, which is 30

days after the requests were electronically transmitted. (Def.'s Second Mot.to Compel at 6, 8.)

The undersigned will not come to a determination of the exact date Defendant's requests were served, because even they were served on April 11, 2012, the Court, in its discretion, requires Plaintiff to respond to the requests. By any calculation, Plaintiff had at least 29 days to respond to Defendant's requests before discovery closed. *See Banks v. Office of Senate Sergeant-at-Arms*, 222 F.R.D. 7, 17 (D.D.C. 2004) (requiring defendant to respond to discovery requests where plaintiff filed requests 28 days before close of discovery and discovery was extended after requests were filed). Defendant did not file the requests at the last moment before discovery was to close or at a time that would cause Plaintiff prejudice. *Cf. Gluck v. Ansett Australia Ltd.*, 204 F.R.D. 217, 219 (D.D.C. 2001) (defendant was not required to respond because plaintiff filed requests "a matter of days before the discovery deadline" and did not move for an extension of the discovery deadline). Accordingly, the timeliness of Defendant's requests does not excuse Plaintiff from providing Defendant with a response.

### 2. Defendant's Second Requests for Admission

Defendant asks that its requests for admission be deemed admitted because of Plaintiff's lack of timely response. The Court denies this request. Courts have the discretion to allow additional time to respond to requests for admission. 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2257, at 541 (2d ed. 1994); *see also Banks v. Office of Senate Sergeant-at-Arms*, 226 F.R.D. 113, 118 (D.D.C. 2005) (Rule 36(a) is not "interpreted so woodenly" as to automatically require that requests for admission be deemed admitted because they are filed after the 30-day (or court ordered) deadline has run). Plaintiff

will have 30 days from the date of this Memorandum Opinion to answer Defendant's Second Requests for Admission.

### 3. Defendant's Second Document Request

In conjunction with another case filed in this Court, *Kline v. Williams*, Ms. Kline filed an Affidavit Accompanying Motion for Leave to Proceed on Appeal in Forma Pauperis ("in forma pauperis affidavit") with the U.S. Court of Appeals for the District of Columbia Circuit. *See* No. 1:05-cv-1102, 2006 WL 2265414 (D.D.C. Aug. 8, 2006) *aff'd* 249 Fed. Appx. 830 (D.C. Cir. 2007). *Kline v. Williams* was a copyright infringement case and is unrelated to the instant case. In the in forma pauperis affidavit's estimation of costs, Plaintiff estimated that she had legal fees of $1,000 per month. (Def.'s Second Mot. to Compel, Ex. 6 [47-1] at 51.)

Defendant's Second Document Request No. 1 seeks documents relevant to those legal fees. In this case, Plaintiff's Amended Complaint asks for relief including "[a]ttorneys' fees and costs of this action." (Am. Compl. at 10.) Plaintiff executed her in forma pauperis affidavit on November 22, 2006, only a few months after Plaintiff was placed on administrative leave. Therefore, Defendant argues that information about the legal fees mentioned in the in forma pauperis affidavit may have been incurred in the instant case. (Def.'s Second Mot. to Compel at 7.)

Even though Plaintiff's Amended Complaint requests attorneys fees, Plaintiff states that she has been *pro se* throughout the instant case and has not incurred any legal fees in relation to this matter. (Pl.'s Second Opp. at 7.) Without specifying the cases, Plaintiff notes that the attorneys' fees mentioned in her in forma pauperis affidavit "were necessarily incurred in *other* cases or work product unrelated and irrelevant to this case." (*Id.*) Because the legal fees about

which Defendant seeks information were not incurred in this case and Plaintiff has not incurred any legal fees in this case, Defendant's Motion to Compel a Response to its Second Document Request 1 will be denied.

## IV.  CONCLUSION

In accordance with the above, Defendant's First Motion to Compel will be granted-in-part and denied-in-part.  Plaintiff will be required to respond to all subparts of Interrogatories 6, 7, 9, 11, 13, 14, 16, 18, 19 and 21-25 for the time period from January 1, 2005 until December 31, 2006.  Plaintiff will be required to respond to Defendant's First Requests for Production of Documents 4, 5, 8 and 10, but will not be required to respond to Requests 9, 11, 12, 14, 15 and 18.  Plaintiff will be required to answer Requests 6, 7 and 19 if she wishes to present evidence of facts relevant to the specific requests at trial.

Defendant's Second Motion to Compel will also be granted-in-part and denied-in-part. Plaintiff will be required to respond to Defendant's Second Requests for Admission.  Plaintiff will not be required to respond to Defendant's Second Document Request 1.  Plaintiff will have 30 days from the date of the accompanying Order to provide her responses.

DATE: August 17, 2012                                       /s/
                                                                        ALAN KAY
                                                                        UNITED STATES MAGISTRATE JUDGE