UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| VALERIE KLINE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 10-1802 (RCL) |
| | ) | |
| KATHERINE ARCHULETA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

MEMORANDUM AND ORDER

Before the Court is Ms. Kline's motion [148] to amend or alter judgment of this Court's April 14, 2015 Memorandum Opinion ("Mem. Op.") [146] and Order [145]. The Court considers her motion under Federal Rules of Civil Procedure 59(e), 60(b),[1] and 52(b). Also before the Court is defendant's opposition [153] and Ms. Kline's reply [155] thereto.

I.  LEGAL STANDARDS

Federal Rule of Civil Procedure 59(e) permits a party to file "[a] motion to alter or amend a judgment." Fed. R. Civ. P. 59(e). Such motions are "discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (quotation marks and citation omitted). Rule 59(e) does not provide a vehicle "to relitigate old matters, or to raise new arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S.

---

[1] Ms. Kline, proceeding *pro se* in this matter, does not explicitly mention Rule 60(b), but in an abundance of caution the Court considers whether she has set forth grounds for relief from judgment under Rule 60(b).

471, 485 n.5 (2008). As this Court has noted, motions to amend a judgment under Rule 59(e) are disfavored and should be granted only in extraordinary circumstances. *Liberty Prop. Trust v. Republic Props. Corp.*, 570 F. Supp. 2d 95, 97-98 (D.D.C. 2008) (citing *Niedermeier v. Office of Baucus*, 153 F. Supp. 2d 23, 28 (D.D.C. 2001)).

The standards governing Rule 60(b) are even more restrictive. *See United States v. Pollard*, 290 F. Supp. 2d 153, 156–58 (D.D.C. 2003). Indeed, "in most cases, the bar stands even higher for a party to prevail on a Rule 60(b) motion for relief from judgment" than on a Rule 59(e) motion. *Uberoi v. Equal Emp't Opportunity Comm'n*, 271 F. Supp. 2d 1, 2 (D.D.C. 2002). To the extent that a party cannot demonstrate one of the specific situations enumerated in subsections (1)-(5) of Rule 60(b), the catch-all clause in Rule 60(b)(6) permits relief from a final judgment or order for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Rule 60(b)(6), however, applies only to extraordinary situations and should be sparingly used. *Twelve John Does v. District of Columbia*, 841 F.2d 1133, 1140 (D.C. Cir. 1988) (citations omitted); *see also Pollard*, 290 F. Supp. 2d at 157.

The Court does not believe that Rule 52(e) is applicable, as that Rule permits amendment of findings and conclusions by the court that are promulgated during "actions tried on the facts without a jury or with an advisory jury." The court does not make such findings on a motion for summary judgment, and therefore this particular rule is likely inapposite. *See DeLong Corp. v. Raymond Int'l, Inc.*, 622 F.2d 1135, 1139 (3d Cir. 1980) overruled on other grounds by *Croker v. Boeing Co. (Vertol Div.)*, 662 F.2d 975 (3d Cir. 1981) (finding that because "a district court does not engage in fact-finding, within the meaning of Rule 52, on a motion for summary judgment," a 52(b) motion "is not appropriate after its consideration of a motion for summary judgment"); *Carter v. Porter*, No. 5:08-CV-246-REW, 2012 WL 298479, at *1 n.2 (E.D. Ky. Feb. 1, 2012)

(finding Rule 52 inapplicable to summary judgment because such a decision "does not produce . . . true factual findings in the sense of weighing competing evidence"); *Wideman v. Colorado*, No. 09-cv-00095, 2010 WL 749835, at *2 (D. Colo. 2010) ("Rule 52(b) applies to findings of fact and conclusions of law entered after a non-jury trial and this rule is inapplicable to judgments entered under [Rule] 56.").

Notably, the defendant does not protest the application of Rule 52(b), and at any rate, the standard under Rule 52(b) is similar: It "permits the trial court to correct manifest errors of law or fact, make additional findings or take other action that is in the interests of justice." *Bigwood v. Def. Intelligence Agency*, 770 F. Supp. 2d 315, 318 (D.D.C. 2011) (citing *Material Supply Int'l, Inc. v. Sunmatch Indus. Co.*, 1997 WL 243223, at *2 (D.D.C. May 7, 1997)); *see also Material Supply Int'l, Inc.* 1997 WL 243223, at *2 (explaining that, under Rule 52(b), the moving party "bears a heavy burden in seeking to demonstrate clear error or manifest injustice in amending the judgment"); *Salazar v. District of Columbia*, 685 F. Supp. 2d 72, 75 (D.D.C. 2010) (noting that Rule 52(b) does not provide a party with a "second opportunity to litigate a point, to present evidence that was available but not previously offered, or to advance new theories by moving to amend a particular finding of fact or conclusion of law").

II. ANALYSIS

The Court generally understands Ms. Kline to have several main arguments: (1) that it was manifest error of law and/or fact that the hiring of Mr. Hickman is irrelevant in this matter; (2) that it was manifest error of law to find that Ms. Kline did not suffer an adverse action; (3) that it was manifest error of law to find that defendant had a legitimate reason for stripping Ms. Kline's regulatory duties; as well as other arguments concerning retaliatory animus. These complaints all seek to re-litigate issues that the Court decided at summary judgment, and Ms. Kline provides no

explanation in her thirty-seven page motion as to why reconsideration is warranted. There would be no benefit to again responding to Ms. Kline's concerns, but the Court does wish to clarify two points.

While the Court in its Opinion correctly stated that in a retaliation suit, an adverse action is one that "might have dissuaded a reasonable worker from making or supporting a charge of discrimination," Mem. Op. at 7 (citing *Burlington N. & Santa Fe R.R. v. White*, 548 U.S. 53, 68 (2006)), it then also stated the standard used in discrimination cases, Mem. Op. at 8, 12, 13 (noting that an adverse action is one that affects a "significant change in employment status"). Ms. Kline is correct that this was error: "'Adverse actions' in the retaliation context encompass a broader sweep of actions than those in a pure discrimination claim." *Baloch v. Kempthorne*, 550 F.3d 1191, 1198 (D.C. Cir. 2008). But, "[e]ven so, not all seemingly adverse actions constitute *materially* adverse action for Title VII purposes." *Hyson v. Architect of Capitol*, 802 F. Supp. 2d 84, 101-02 (D.D.C. 2011) (citing *Baloch v. Kempthorne*, 550 F.3d 1191, 1200 ("We speak of *material* adversity because we believe it is important to separate significant from trivial harms.")).

The Court wishes to clarify that even under the broader standard applicable to retaliation standards, Ms. Kline's claims fail. For the reasons stated in the Court's prior Opinion, the Court finds that a reasonable employee would not have found the challenged action materially adverse or been "dissuaded . . . from making or supporting a charge of discrimination." *Rochon v. Gonzalez*, 438 F.3d 1211, 1217-18 (D.C. Cir. 2006). Indeed, the Court held as much. Mem. Op. at 15 ("Drawing all reasonable inference from the evidence in Ms. Kline's favor, we conclude that . . . a reasonable person would not have been dissuaded from filing an EEO action.").

Additionally, the Court also regrets any confusion that may have been caused by a typographical error in its Opinion. On page 15, the Opinion should read as follows: "Accordingly,

4

we find no 'material dispute on the ultimate issue of retaliation,' *Jones*, 557 F.3d at 678, and grant OPM's motion for summary judgment."

### III. CONCLUSION

For the aforementioned reasons, plaintiff's amended motion [148] to amend or alter judgment or for new trial is GRANTED in part to reflect that the Court erroneously stated the standard for adverse actions in retaliation suits, and to correct its typographical error; the motion is otherwise DENIED.

Signed April 30, 2015 by Royce C. Lamberth, United States District Judge.